IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES                                                                    PLAINTIFF

V.                              CASE NO. 5:24-CR-50025

DERRICK HILL                                                                     DEFENDANT

## OPINION AND ORDER

Defendant Derrick Hill filed a Motion to Dismiss (Doc. 25) on grounds that the speedy trial time limit has elapsed. The Government filed its response (Doc. 26), and the Court now takes up the Motion.

The Speedy Trial Act requires a defendant to be brought to trial within 70 days of the information, indictment, or arraignment, whichever is later. 18 U.S.C. § 3161(c). This 70-day time limit, however, is subject to certain exclusions under § 3161(h). Mr. Hill asserts that—at the time he filed the Motion to Dismiss—267 days had elapsed since his arraignment on May 6, 2024, and only 182 of these were excludable, which would mean the 70-day time limit was surpassed by 15 days. Most pertinent here is the time surrounding Mr. Hill's still-pending motion to suppress. Mr. Hill filed his motion to suppress on July 16, 2024.The Court held a suppression hearing on September 4, 2024, took the matter under advisement, and gave the parties until October 4, 2024, to submit post-hearing briefing with an additional 14 days to file responses. Mr. Hill contends—and the Government does not dispute—that the final excludable period ended on November 18, 2024, 30 days after the post-trial briefing ripened. He is correct.

Under 18 U.S.C. § 3161(h)(1)(D) [hereinafter "subsection D"], any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing

1

on, or other prompt disposition of, such motion" is excluded from the 70-day limit. And § 3161(h)(1)(H) [hereinafter "subsection H"] excludes "delay reasonably attributable to any period, *not to exceed thirty days*, during which any proceeding concerning the defendant is actually under advisement by the court." (emphasis added). This "under advisement" period commences once "the court receives all the papers it reasonably expects" to decide the motion. *Henderson v. United States*, 476 U.S. 321, 329 (1986). In other words, "when a pretrial motion requires a hearing, the excludable period [under subsection D] runs from the filing of the motions to the date of the hearing, *or until the date when the parties have submitted any additional materials requested by the court*."[1] *United States v. Long*, 900 F.2d 1270, 1274 (8th Cir. 1990) (emphasis added); *see Henderson*, 476 U.S. at 328–31. "Following this period excluded under [subsection D], the Act will allow exclusion of up to 30 more days for the court to consider the motions [under subsection H]." *Id.* (first citing *Henderson*, 476 U.S. at 328–31; and then citing 18 U.S.C. § 3161 (h)(1)(H)). So, the speedy trial clock here restarted on November 18, 2024, and the 70-day limit has now passed.

Under 18 U.S.C. § 3162(a)(2), "[i]f a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment *shall be* dismissed on motion of the defendant." (emphasis added). The Eighth Circuit has held that such dismissal is mandatory. *United States v. Koory*, 20 F.3d 844, 846 (8th Cir. 1994) (citations omitted). Despite the Government's concession that more

---

[1] Similarly, "[w]hen the motions require no hearing, the excludable period runs from the date of filing until the court receives all the parties' submissions regarding the motions." *United States v. Long*, 900 F.2d 1270, 1274 (8th Cir. 1990) (citing *Henderson v. United States*, 476 U.S. 321, 328–31 (1986)).

than 70 days have elapsed, it asks the Court to find *sua sponte* that an ends-of-justice continuance under § 3161(h)(7)(A) was proper in this case and, thereby, exclude any time that this Court has had the matter under advisement beyond the 30 days provided by subsection H.

Section 3161(h)(7)(A) permits the exclusion of "[a]ny period of delay resulting from a continuance granted by any judge on his own motion," so long as the court "sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." While the Government has provided some case law that suggests courts may issue ends-of-justice continuances after subsection H's 30-day exclusion has run,[2] it has not provided any authority to support the notion that courts may retroactively grant an ends-of-justice continuance *after* the 70-day limit has passed and *after* the defendant has moved to dismiss.

Here, Mr. Hill has raised speedy trial concerns by filing a motion to dismiss, and the Government concedes that the 70-day limit has elapsed. Assuming *arguendo* that courts may issue a continuance *sua sponte* even once subsection H's 30-day exclusion has run, the Court does not believe that granting a retroactive continuance *after* the 70-day limit has passed and *after* the defendant has moved to dismiss is in keeping with the Eighth Circuit's explicit instruction: "When a violation of the time limits of the Act is shown

---

[2] In *United States v. Ellison*, 739 F. Supp. 3d 564, 588 n.1 (E.D. Mich. 2024), the court granted an ends-of-justice continuance *sua sponte* under § 3161(h)(7)(A) after the 30-day period had run. But in Ellison, unlike here, neither party had raised speedy trial concerns or moved to dismiss on speedy trial grounds. Moreover, courts do not agree on this point. The Third Circuit has stated that a district court may "invoke § 3161(h)(7)(A)" *sua sponte* "*before* the thirty days have elapsed" under subsection H. *United States v. Felton*, 811 F.2d 190, 197 n.7 (3d Cir. 1987) (emphasis added).

to have occurred, dismissal is *mandatory on motion of the defendant.*" *Koory*, 20 F.3d at 846 (citations omitted) (emphasis added); 18 U.S.C. § 3162(a)(2). If courts that are confronted with speedy trial violations can retroactively exclude any excess time *sua sponte*, it would undermine the mandatory nature of dismissal in these cases. Therefore, the Court finds dismissal is appropriate here.

The Court may exercise discretion in deciding whether to dismiss the case with or without prejudice. 18 U.S.C. § 3162(a)(2). In so deciding, the Court should consider: (1) the seriousness of the offense; (2) the facts and circumstances which led to the dismissal, and (3) the impact of reprosecution on administration of the Act and justice in general. *Id.* The Government argues for dismissal without prejudice, and Defendant defers to the Court on this issue. For the reasons that follow, the Court will dismiss *without* prejudice.

*Seriousness of the offense.* Here, Mr. Hill has been indicted for one count of possession with intent to deliver cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). This carries a maximum sentence of 20–30 years and a maximum fine of $1,000,000–$2,000,000.[3] This Court deems this to be a relatively serious offense, so this factor weighs in favor of dismissal without prejudice.

*Facts and circumstances of dismissal.* This dismissal results from the Court's consideration period of Mr. Hill's motion to suppress, and there has been no showing that the Government was at all responsible for the delay. *See Koory*, 20 F.3d at 848 (looking to whether the government's negligence in complying with the speedy trial time limits was

---

[3] According to the Pretrial Report, it appears Mr. Hill committed the alleged violation after a prior conviction for a felony drug offense had become final, potentially subjecting him to the increased maximum of 30 years and $2,000,000.

to gain a tactical advantage or was part of a recurring pattern). Further, "[w]here the crime charged is serious, the court should dismiss [with prejudice] only for a correspondingly severe delay." *Id.* (quoting *Russo,* 741 F.2d at 1267). Here, there was only a 15-day lapse beyond the 70-day limit; such a short delay is far outweighed by the severity of the offense in this case.[4] This factor weighs in favor of dismissal without prejudice.

*Impact of reprosecution.* Here, the parties and Court will likely endure some burden should the pending suppression issue rear its head in a subsequent prosecution. This burden, however, is rather minimal and could potentially be eased through certain stipulations by the parties. Indeed, "[r]eprosecution always involves some element of increased burden on the administration of justice and hinders the Act's goal of swift prosecution, yet the Act does not mandate that every dismissal be with prejudice." *Koory,* 20 F.3d at 849 (citation omitted). And, when balanced against the severity of the offense and the minimal delay, the Court finds that reprosecution ultimately weighs in favor of dismissal without prejudice.

For the reasons stated herein, **IT IS HEREBY ORDERED** that the one-count indictment against Mr. Hill (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** on this ___ day of February, 2025.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

_____

[4] There is also no evidence that Mr. Hill has suffered prejudice from this delay; in fact, he has been in custody during this time due to the Court revoking his supervised release on an unrelated conviction. *See* No. 18-CR-50008-005, ECF 304 (W.D. Ark.).